IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11cv54

| | | |
|---|---|---|
| GENERAL STAR NATIONAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER |
| GENE E. CHAPMAN, CITY OF HICKORY, DENNIS A. RHONEY, and ROBERT A. MULLINAX as public administrator for the estate of Mark R. Sams, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Pending before the Court is the Motion to Intervene filed by National Casualty Company [# 12]. Plaintiff General Star National Insurance Company brought this declaratory judgment action seeking a determination that an insurance policy it issued to the City of Hickory Police Department does not provide coverage for a lawsuit pending in this Court. Similarly, National Casualty Company moves to intervene in order to seek a declaratory judgment concerning its rights and obligations under four insurance polices it issued to the City of Hickory Police Department. The Defendants all consent to the Motion to Intervene. In addition, Plaintiff does not object to the intervention of National Casualty Company in this case.

Rule 24 of the Federal Rules of Civil Procedure provides that upon the filing of a timely motion, the Court may allow a third party to intervene in an action if the third party "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). In exercising the Court's discretion as to whether or not to allow a third party to intervene, the Court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). The party moving to intervene must serve the motion to intervene on the parties as provided by Rule 5, and the motion must state the grounds pursuant to which intervention is sought. Fed. R. Civ. P. 24(c). The moving party must also attach the pleading setting forth the proposed claim or defense to the motion to intervene. Id.

National Casualty Company has complied with these requirements. Moreover, granting the Motion to Intervene will not result in undue delay or prejudice the adjudication of the rights of the original parties in this case. Accordingly, the Court **GRANTS** the Motion to Intervene [# 12].

Signed: June 22, 2011

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge